**FILED**

MAY 2 9 2008

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IMPAC UNIVERSITY, LLC,

        Plaintiff,

v.

DISTANCE EDUCATION AND TRAINING
COUNCIL,

        Defendant.

_____/

Case: 1:08-cv-00918
Assigned To : Huvelle, Ellen S.
Assign. Date : 5/29/2008
Description: TRO/PI

## O R D E R

    **THIS CAUSE** is before the Court on Defendant's Amended Motion to Transfer Venue

(Dkt. No. 18; Amended Motion), filed on April 1, 2008.[1]  Plaintiff opposes the Amended

Motion and therefore filed Plaintiff IMPAC University, LLC's Opposition to Defendant

Distance Education and Training Council's Motion to Transfer Venue (Dkt. No. 23;

Opposition) on April 8, 2008.  Defendant filed a reply to Plaintiff's Opposition on April 11,

2008.  See Defendant's Reply Brief in Further Support of Its Amended Motion to Transfer

Venue (Dkt. No. 24; Reply).  Accordingly, the Amended Motion is now ripe for review.

**I.**    **Background Facts and Procedural History[2]**

    Plaintiff is an educational institution offering "graduate programs in Master of Business

Administration ('MBA'), MBA with a concentration in Public Administration, Master of Science

('MS') in Organizational Behavior and Human Resource Development, and MS in

---

[1]    On March 25, 2008, Defendant filed its Motion to Transfer Venue (Dkt. No. 15; Motion to
Transfer).  Thereafter, the Amended Motion was filed to correct a clerical error.  See Amended Motion at 1 n.1.
As a result, the Court will deny the Motion to Transfer as moot.

[2]    For purposes of establishing the background facts and context for the Amended Motion, the
Court assumes the allegations contained in the Complaint and recited herein are true.



Management Information Systems." Complaint and Demand for Jury Trial (Dkt. No. 1; Complaint) at 5. It operates as a Florida limited liability company with its principal place of business in Punta Gorda, Florida. See id. at 5. As an educational institution Plaintiff is accredited by Defendant, and it first obtained its accreditation in 2004. See id.; see also Amended Motion at 2. Defendant is a nonprofit educational association located in Washington, D.C. See Amended Motion Ex. A at 1; see also Complaint at 6. Defendant's Accrediting Commission "performs the institutional accrediting functions of Defendant" and is "an accrediting agency officially recognized by the U.S. Secretary of Education, pursuant to 20 U.S.C. § 1099b." Amended Motion Ex. A at 1; Complaint at 6.

On November 7, 2007, Plaintiff's current president, Susan Schran, who resides and works in Florida, received an e-mail from Defendant's executive director, Michael Lambert, informing her of an anonymous complaint and inquiring about a program offered by Plaintiff in Vietnam. See Complaint at 12; Opposition Ex. 1 at 1. From this date until January 2008, Schran and Lambert exchanged several communications via e-mail regarding Plaintiff's program in Vietnam. See Complaint at 12-15. Schran contends that, as a result of Defendant's inquiry, she learned for the first time that Plaintiff's program in Vietnam had not received final approval from Defendant, as that program had been initiated before she became president of the University. See id. at 13-14.

On January 16, 2008, Plaintiff received a letter from Lambert informing it that the Accrediting Commission of Defendant had decided to withdraw Plaintiff's accreditation immediately due to Plaintiff's violations of Defendant's rules and regulations with regard to Plaintiff's program in Vietnam. See id. at 19. Plaintiff requested that Defendant reconsider

its decision and submitted a formal request for reconsideration to Defendant. See id. at 21. As a result, Defendant held a hearing in Washington, D.C., at which representatives of Plaintiff appeared and made a presentation. See id. at 21-22; Amended Motion Ex. 1 at 3. Following the hearing, Defendant informed Plaintiff by letter that it had affirmed the decision to withdraw Plaintiff's accreditation effective immediately. See Complaint at 22; Amended Motion at 4.

As a result of these events, on March 14, 2008, Plaintiff filed the Complaint, alleging that Defendant's decision to withdraw its accreditation violated Plaintiff's right to common law due process as well as tortiously interfered with its contractual relationships and prospective business relationships, breached its contract with Plaintiff, and breached a duty owed to Plaintiff to make decisions in a fair and reasonable manner. See Complaint at 23-35. Plaintiff seeks injunctive relief reinstating its accreditation as well as compensatory, consequential, and punitive damages. See id. at 31-36. Additionally, on March 17, 2008, Plaintiff moved for the entry of preliminary injunctive relief, see Plaintiff IMPAC University, LLC's Motion for Preliminary Injunction (Dkt. No. 3; Motion for Preliminary Injunction), and a hearing had been set on that motion for April 22, 2008, see Order (Dkt. No. 17). After the filing of this Motion for Preliminary Injunction by Plaintiff and service of this action on Defendant, Plaintiff and Defendant entered into a stipulation that Defendant would restore Plaintiff's accreditation pending resolution of the Motion for Preliminary Injunction.[3] See Joint

---

[3]    Specifically, the parties agreed:

Defendant shall restore Plaintiff's status as an accredited institution (until such time as the Court rules on Plaintiff's preliminary injunction motion) and will provide notice of this decision on its website, and to the U.S. Department of Education and the Florida Commission for Independent Education and any other person, entity, or agency to which it provided notice of

Motion for Entry of Consent Order Regarding Plaintiff's Motion for Preliminary Injunction (Dkt.

No. 14); Order (Dkt. No. 17). Defendant also filed the Amended Motion seeking to transfer

this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District

of Columbia.

## II.    Summary of the Argument

In the Amended Motion, Defendant requests that the Court transfer this action to the

United States District Court for the District of Columbia based on a forum selection clause

contained in the Defendant's Constitution and Bylaws. See Amended Motion at 1-2.

Defendant contends that all accredited institutions, including Plaintiff, are bound by the terms

and provisions contained in the Constitution and Bylaws. See id. at 2. Section 12.2 of

DETC's Constitution and Bylaws provides:

> Any member may make appeals to the Accrediting Commission from any
> interpretation of these Bylaws and all other rules and regulations of the
> Commission. A decision of a majority of the Commission, acting upon such
> appeal, shall be final.  Any suit at law challenging a decision of the
> Commission must be filed in the judicial district of the Commission's
> headquarters, the Federal District Court for the District of Columbia.

See id. Ex. 2 at 14. Defendant contends that this provision covers any legal dispute filed by

a member institution, such as Plaintiff, and that this is the only reasonable interpretation of

the clause. See Reply at 1, 4-5. Because Defendant asserts that Plaintiff is challenging a

decision of the Accrediting Commission of the Defendant, it contends that this action falls

within the scope of the forum selection clause and it should be transferred to the District of

_____

the withdrawal of Plaintiff's accreditation in the same manner as it previously provided notice
of the withdrawal of accreditation.

Order (Dkt. No. 17) at 2.

-4-

Columbia. See Amended Motion at 6-7. Additionally, Defendant asserts that transfer is warranted as Defendant's headquarters and principal place of business, its staff, and many of the actions at issue took place in the District of Columbia. See id. at 9. Further, it contends that Plaintiff agreed to this forum when it chose to become an accredited institution and litigating in this Court would be costly to the nonprofit corporation and its other members with its limited resources. See id. at 11-12; Reply at 2, 6. Thus, Defendant requests that this Court transfer this action and do so before ruling on the Motion for Preliminary Injunction so that one court can adjudicate the entire dispute. See Amended Motion at 6.

Plaintiff does not contest that it is bound by the Constitution and Bylaws or that the forum selection clause is valid. See Opposition at 5-10. Instead, it contends that the clause does not apply to this lawsuit as it is a suit in equity which does not fall within the scope of the forum selection clause. See id. at 2, 5. It contends that Defendant has misread the forum selection clause, and the clause only applies to suits brought at law for legal damages. See id. at 7. Indeed, it contends that there is a recognized distinction in the meaning of the phrases "suit in equity" and "suit at law." See id. at 5-6. According to Plaintiff, the phrase "suit at law" does not include suits filed in equity or suits seeking any form of equitable relief in addition to legal damages. See id. at 6-9. Therefore, it contends that this dispute is not within the scope of the plain meaning of the clause as the essence of this suit is the injunctive relief requested and the damages sought are only incidental and do not bring this action within the plain meaning of the phrase "suit at law." See id. at 10. Moreover, Plaintiff asserts that, at a minimum, the language "suit at law" is ambiguous, which means that the clause has not been "triggered" in this case. See id. at 5, 7-8, 10.

-5-

Plaintiff maintains that, absent an enforceable forum selection clause, there is no basis for transferring this case to the District of Columbia because Plaintiff as well as a majority of its employees and alumni are based in Florida. See Opposition at 2, 4-5, 11 & Ex. 1 at 1-2. Additionally, Plaintiff alleges that none of Defendant's commissioners reside in the District of Columbia, and the chair of the Accrediting Commission is a Florida resident. See id. at 3 & Ex. 1 at 3-4. Moreover, it asserts that its witnesses and documents are all located in Florida, and the harm suffered as a result of Defendant's actions occurred and will continue to occur in Florida. See id. at 3-4, 12 & Ex. 1 at 1-2. On the other hand, Plaintiff alleges that Defendant does not conduct all of its activity in the District of Columbia, as it conducts site visits of the educational institutions and holds meetings in other locations. See id. at 12. Thus, it contends that its choice of forum – the Middle District of Florida – should not be disturbed. See id. at 4-5, 11. Alternatively, Plaintiff requests that the Court resolve the Motion for Preliminary Injunction before transferring this case to the District of Columbia. See id. at 12-13.

## III.    Applicable Law

In considering whether to transfer a case pursuant to § 1404(a),[4] the district court must engage in a two-step inquiry. See Eye Care Int'l Inc. v. Underhill, 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000); Mason v. Smithkline Beecham Clinical Lab., 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001). The court must first determine, as a threshold matter, whether the case might have been filed in the proposed district. See Bookworld Trade, Inc. v.

---

[4]    Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Daughters of St. Paul, Inc., No. 8:06-CV-1746-T-27MAP, 2006 WL 3333718, at * 1 (M.D. Fla. 2006); see also Col. Boxed Beef Co. v. Coggins, No. 8:07-cv-00223-T-24-MAP, 2007 WL 917302, at *3 (M.D. Fla. March 23, 2007); 28 U.S.C. § 1404(a). Next, the court must consider "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." Eye Care Int'l Inc., 119 F. Supp. 2d at 1318; see also Bookworld Trade, Inc., 2006 WL 3333718, at *1. In doing so, the court evaluates a number of factors.[5] See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Col. Boxed Beef Co. v. Coggins, No. 8:07-cv-223-T-24MAP, 2007 WL 917302, at *3 (M.D. Fla. Mar. 23, 2007) (detailing the factors to be considered in determining whether a transfer is appropriate under § 1404(a)) (quoting Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). Under § 1404(a), a trial court has broad discretion in determining whether a transfer is appropriate. See Stewart Organization, Inc., 487 U.S. at 29; Am. Aircraft Sales Int'l, Inc. v. Airwarsaw Inc., 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999).

In addition to the factors enumerated above, the Court also considers whether there is a valid and enforceable forum selection clause. Indeed, "a forum selection clause is a significant factor that figures centrally in the determination, and venue mandated by a valid forum selection clause will rarely be outweighed by other § 1404(a) factors." Col. Boxed

---

[5]     These factors include the following:

"(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances."

Col. Boxed Beef Co., 2007 WL 917302, at *3 (quoting Manuel, 430 F.3d at 1135 n.1).

Beef Co., 2007 WL 917302, at *3 (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)); see also P & S Bus. Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (recognizing that "a choice of forum clause [is] "a **significant** factor that figures **centrally** in the district court's calculus"); see also Stewart Organization, Inc., 487 U.S. at 29; id. at 33 (Kennedy, J., concurring) (opining that "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases"). Additionally, forum selection clauses are to be construed broadly. See Gen. Pump & Well, Inc. v. Laibe Supply Corp., No. CV607-30, 2007 WL 4592103, at *3 (S.D. Ga. Dec. 28, 2007) (citing Stewart Organization, Inc. v. Ricoh Corp., 810 F.2d 1066, 1070 (11th Cir. 1987) (en banc), aff'd and remanded on other grounds, 487 U.S. 22 (1988)); see also Digital Envoy, Inc. v. Google, Inc., 319 F. Supp. 2d 1377, 1380-81 (N.D. Ga. 2004).

Nonetheless, a valid and enforceable forum selection clause is not dispositive and, in certain exceptional circumstances when the opposing party has satisfied its burden to show "that the contractual forum is sufficiently inconvenient to justify retention of the dispute," the Court may decline to enforce the agreement. P & S Bus. Machines, Inc., 331 F.3d at 807-08; Gen. Pump & Well, Inc., 2007 WL 4592103, at *4 (citing In re Ricoh Corp., 870 F.2d at 573); Performance Paint Yacht Refinishing, Inc. v. Haines, 190 F.R.D. 699, 700 (S.D. Fla. 1999). Yet, the opposing party's financial difficulty in litigating in the contractual forum or the docket congestion of the transferee court are not sufficient to warrant a court's refusal to enforce the agreement. P & S Bus. Machines, Inc., 331 F.3d at 807-08. Moreover, while generally Plaintiff's choice of forum is given considerable weight in determining whether to transfer a case under § 1404(a), see Col. Boxed Beef, 2007 WL

-8-

917302, at *3, the enforcement of a valid forum selection clause does not limit the plaintiff's

right to his or her forum of choice as plaintiff's choice of forum is the contractual forum

identified in the agreement. P & S Bus. Machines, Inc., 331 F.3d at 807. Indeed, the

Eleventh Circuit has recognized that "[w]here a valid choice of forum clause exists, there is

'no reason why a court should accord deference to the forum in which plaintiff filed its action.

Such deference . . . would only encourage parties to violate their contractual obligations, the

integrity of which are vital to our judicial system.'" Infectious Disease Solutions, PC v.

Synamed, No. 1:07-cv-0211-WSD, 2007 WL 2454093, at *1 (N.D. Ga. Aug. 23, 2007)

(quoting In re Ricoh Corp., 870 F.2d at 573).

## IV.    Discussion

As a threshold matter, the Court finds that this action could have been filed in the

District of Columbia, and Plaintiff presents no argument to the contrary. See 28 U.S.C. §

1391(b). Next, in considering whether this action should be transferred under § 1404(a), the

Court must determine whether there is a valid and enforceable forum selection clause.

Plaintiff does not assert the forum selection clause at issue is invalid or dispute that the

Constitution and Bylaws, containing the forum selection clause, constitute a binding

agreement between Plaintiff and Defendant. See Opposition at 5-10. Moreover, Plaintiff

does not contend that this clause is unreasonable; that it was procured by fraud,

overreaching, duress, misrepresentation, or any other misconduct; or that enforcement of

the clause would be unfair, contravene public policy, deprive Plaintiff of its day in court, or

frustrate the purpose of the parties' agreement. See id. Instead, Plaintiff's sole argument

is that this dispute falls outside the scope of the forum selection clause because this lawsuit is not a "suit at law" as that phrase is used in the agreement. See Opposition at 5-10.

In support of its argument that this action does not fall within the scope of the forum selection clause, Plaintiff contends that the phrase "suit at law" does not include suits in equity or suits in equity and law. See id. at 5, 7. Plaintiff asserts that there is a long recognized distinction between suits at law and suits in equity. See id. at 5-6. Additionally, Plaintiff contends that there are three categories of recognized "suits": a "suit at law" where only money damages are sought, a "pure suit in equity" where only equitable relief is sought, and "a suit seeking both equitable relief and other forms of relief not historically available by themselves." Id. at 7-8. Plaintiff argues that the latter two of the three categories fall outside the scope of the clause which selects a forum only for "suits at law." See id. Alternatively, Plaintiff asserts that the phrase "suit at law" is ambiguous, and thus, the Court should construe this phrase against the drafter, Defendant, and conclude that the clause is not applicable to this lawsuit. See id. at 8-9.

Despite Plaintiff's assertion to the contrary, there is no ambiguity in the forum selection clause at issue. The plain meaning of the phrase "suit at law" means any lawsuit. Plaintiff's attempt to rely on a procedural distinction between actions at law and suits in equity is not well taken. Indeed, at the time of the operative agreement – 2004 – it was well settled that there were not three recognized categories or types of lawsuits but only one: a civil action. See Bradley v. United States, 214 F.2d 5, 7 (5th Cir. 1954)[6] (concluding that

---

[6]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"[t]he federal rules of civil procedure abolished all distinctions as to form between actions at law and suits in equity"); see also Ga. Ass'n of Retarded Citizens v. McDaniel, 855 F.2d 794, 799 & n.6 (11th Cir. 1988).[7]  Indeed, Rule 2 of the Federal Rules of Civil Procedure specifically states: "There is one form of action – the civil action."  Furthermore, the plain meaning of the phrase "suit at law" does not recognize any distinction.  For example, Black's Law Dictionary defines "suit at law" as "[a] suit conducted according to the common law or equity, as distinguished from statutory provisions."  Black's Law Dictionary (8th ed. 2004)  Additionally, the Oxford English Dictionary defines "suit at law" as a lawsuit.  See Oxford English Dictionary, available at http://dictionary.oed.com/cgi/entry_main/50241863?case_id=TGIP-1W25tr-10827.

In support of its assertion that there is a distinction between a suit at law and a suit in equity, Plaintiff relies on the decision by the United States Supreme Court in Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308 (1999).  However, the issue presented in that case was the limit of the federal courts' equitable powers.  See id. at 318 ("We turn, then, to the merits question whether the District Court had authority to issue the preliminary injunction in this case pursuant to Federal Rule of Civil Procedure 65.").  The holding of the Supreme Court in this case did not turn on the distinction between legal and equitable remedies, but rather on the Court's interpretation of the statute conferring equitable jurisdiction on the federal courts.  See id. at 318, 327, 329, 332-33.  Indeed, Plaintiff has not cited any authority to support its contention that there are three categories

---

[7]     Although the substantive distinction between legal and equitable remedies still exists, the former Fifth Circuit recognized that there are no longer law and equity sides to the federal courts. See Bradley, 214 F.2d at 7.  The fact that there exists a substantive distinction between legal and equitable remedies is of no import.

of suits and that there remains a distinction in title between a suit at law and a suit in equity. See Opposition at 6. Therefore, the Court finds that this action falls within the scope of the forum selection clause and the plain meaning of "suit at law."[8] See Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 412 F.3d 1224, 1228-29 (11th Cir. 2005) (concluding that courts should not strain to find ambiguity and that dictionary definitions may be used to define the plain meaning of terms in contracts that are not otherwise defined in the agreement).

As the forum selection clause is valid and enforceable, the burden rests with Plaintiff to establish that the District of Columbia is a sufficiently inconvenient forum to justify retention of the dispute in this Court. See P & S Bus. Machines, Inc., 331 F.3d at 807-08. Plaintiff has made no attempt to meet its burden to show that the District of Columbia would be an inconvenient forum. Indeed, Plaintiff's argument against the transfer of this action presumes that there is no enforceable forum selection clause. See Opposition at 10-13. It has not alleged that the relief sought in this action would be unavailable in that court, that it would be seriously inconvenient or an unreasonable burden to litigate there, or that the transfer of this action would be contrary to the interests of justice. Plaintiff does contend that its choice of forum – the Middle District of Florida – should not be disturbed. See id.

_____

[8]    Even assuming arguendo that such a distinction existed, Plaintiff's assertion that this action is, in essence, one for equitable relief is belied by the allegations in the Complaint. For example, Plaintiff has demanded a trial by jury as well as pled claims for compensatory damages and punitive damages, based on negligence, breach of contract, tortious interference, as well as an alleged due process violation. This is not a bill or action in equity where the only form of relief sought is equitable relief, such as an action for an accounting, rescission, or restitution. Indeed, although the compensatory damages claims appear to be based on whether the Court awards injunctive relief, the claim for punitive damages does not appear to be limited in the same way. Rather, Plaintiff had pled an entitlement to punitive damages regardless of whether the Court awards injunctive relief. Thus, this argument likewise fails even if the Court were to interpret the phrase "suit at law" to exclude lawsuits considered "suits in equity."

However, Plaintiff's choice of forum is the contractual forum provided in the valid and enforceable forum selection clause. Thus, the transfer of this action would not deprive Plaintiff of its forum of choice. See P & S Bus. Machines, Inc., 331 F.3d at 807.

Plaintiff also argues that it as well as its witnesses and alumni are located in the Middle District of Florida, the harm would occur here, and that none of Defendant's commissioners reside in the District of Columbia.[9] See Opposition at 3, 12 & Ex. 1 at 3-4. However, it appears that at least some of Defendant's witnesses and documents are in located in the District of Columbia. See Amended Motion Ex. 1 at 1-4; see also Amended Motion at 9. Additionally, Defendant's staff, headquarters, and principal place of business are located in the District of Columbia and some of the actions at issue occurred in that district. See id. at 9. While Defendant asserts that it would be financial hardship for it to litigate the action in this Court, see Amended Motion at 11-12; Reply at 2, Plaintiff does not suggest that it would suffer any financial hardship by litigating this case in the District of Columbia, see Opposition at 12. Therefore, the Court concludes that Plaintiff has failed to meet its burden to establish that the transfer of this action and enforcement of the forum selection clause is unwarranted. See Gen. Pump & Well, Inc., 2007 WL 4592103, at *4; Digital Envoy, Inc., 319 F. Supp. 2d at 1381. The interests of justice as well as the convenience of the parties and witnesses would be served by transferring this action to the District of Columbia.

___

[9]    Plaintiff seems to suggest that its campus is important to the issues raised in this case, as it contends that it was denied due process when Defendant failed to conduct a site visit. See Opposition at 4 & Ex. 1 at 2-3. However, regardless of whether due process would have required Defendant to have conducted a site visit, it is not disputed for the purposes of this motion that Defendant did not conduct such a visit and there is no basis for concluding that Plaintiff's physical location is of central importance to the claims asserted in this action.

-13-

## V.    Conclusion

Therefore, upon consideration of the foregoing, the Court concludes that, pursuant to 28 U.S.C. § 1404(a), this action should be transferred to the United States District Court for the District of Columbia.[10]

Accordingly, it is hereby **ORDERED**:

1.    Defendant's Amended Motion to Transfer Venue (Dkt. No. 18) is **GRANTED** to the extent that the Clerk of the Court is **DIRECTED** to transfer this action to the United States District Court for the District of Columbia, and close this file.

2.    Defendant's Motion to Transfer Venue (Dkt. No. 15) is **DENIED as MOOT**.

**DONE AND ORDERED** at Fort Myers, Florida, this 21st day of April, 2008.

**MARCIA MORALES HOWARD**
United States District Judge

lc1
Copies to:

Counsel of Record

---

[10]    Plaintiff requests that the Court defer ruling on the Amended Motion until after it rules on the pending Motion for Preliminary Injunction. See Opposition at 12. However, given the parties' stipulation, see Order (Dkt. No. 17), the Court finds it is unnecessary for it to enter a preliminary injunction pending reconsideration of that request by the District of Columbia. Based on the parties' stipulation, there is no risk of any potential irreparable harm to Plaintiff from any delay inherent in transferring this action to the District of Columbia. The Court concludes that it would be a more efficient use of judicial resources for the issues presented in the Motion for Preliminary Injunction to be considered at one time by one court. Therefore, the undersigned declines to address the Motion for Preliminary Injunction before transferring this action.

Case 1:08-cv-00918-ESH    Document 1-2    Filed 05/29/2008    Page 1 of 6
Electronic Case Filing | U.S. District Court - Middle District of Florida

Page 1 of 6

CLOSED

# U.S. District Court
## Middle District of Florida (Ft. Myers)
### CIVIL DOCKET FOR CASE #: 2:08-cv-00220-MMH-DNF
### Internal Use Only

Impac University, LLC v. Distance Education and Training Council

Assigned to: Judge Marcia Morales Howard
Referred to: Magistrate Judge Douglas N. Frazier
Cause: 28:1331 Fed. Question

Date Filed: 03/14/2008
Date Terminated: 04/21/2008
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Impac University, LLC**                    represented by    **Daniel D. Prichard**
Dow Lohnes, PLLC
1200 New Hampshire Avenue, NW
Suite 800
Washington, DC 20036
202/776-2000
Fax: 202/776-4374
Email: dprichard@dowlohnes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leslie H. Wiesenfelder**
Dow Lohnes, PLLC
1200 New Hampshire Avenue NW
Suite 800
Washington, DC 20036
202/776-2000
Fax: 202/776-4374
Email: lwiesen@dowlohnes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Warren Russell Ross**
Wotitzky, Wotitzky, Ross & Tuttle, PA
223 Taylor St
Punta Gorda, FL 33950
941/639-2171
Fax: 941/639-2197
Email: warren.ross@wotitzkylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

Distance Education and Training
Council                                   represented by    **Courtney Kneece Grimm**
                                                            Bedell, Dittmar, DeVault, Pillans &
                                                            Coxe, PA
                                                            The Bedell Bldg
                                                            101 E Adams St
                                                            Jacksonville, FL 32202
                                                            904/353-0211
                                                            Fax: 904/353-9307
                                                            Email: cgrimm@bedellfirm.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Gene C. Lange**
                                                            Luman, Lange, Thomas & McMullen,
                                                            LLP
                                                            1660 L St., NW
                                                            Suite 506
                                                            Washington, DC 20036
                                                            202/463-1260
                                                            Fax: 202/463-6328
                                                            Email: glange@lltmlaw.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Sean P. McMullen**
                                                            Luman, Lange, Thomas & McMullen,
                                                            LLP
                                                            1660 L Street, NW
                                                            Suite 506
                                                            Washington, DC 20036
                                                            202/463-1260
                                                            Fax: 202-463-6328
                                                            Email: spmcmullen@lltmlaw.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **R. H. Farnell, II**
                                                            Bedell, Dittmar, DeVault, Pillans &
                                                            Coxe, PA
                                                            The Bedell Bldg
                                                            101 E Adams St
                                                            Jacksonville, FL 32202
                                                            904/353-0211
                                                            Fax: 904/353-9307
                                                            Email: rhf@bedellfirm.com
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/14/2008 | 1 | COMPLAINT and demand for jury trial against Distance Education and Training Council ; jury demand (Filing fee $ 350 receipt number F010691) filed by Impac University, LLC.(JS) (Entered: 03/17/2008) |
| 03/14/2008 | | Summons issued as to Distance Education and Training Council. (JS) (Entered: 03/17/2008) |
| 03/14/2008 | 2 | CERTIFICATE of interested persons and corporate disclosure statement by Impac University, LLC identifying Corporate Parent Integrated Control Systems, Inc. for Impac University, LLC.. (JS) (Entered: 03/17/2008) |
| 03/17/2008 | 3 | MOTION for preliminary injunction by Impac University, LLC. (Attachments: # 1 Text of Proposed Order)(JS) (Entered: 03/17/2008) |
| 03/17/2008 | 4 | MEMORANDUM in support re 3 Motion for preliminary injunction filed by Impac University, LLC. (Attachments: # 1 Exhibit Declaration of Susan M. Schran, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10-1, # 12 Exhibit 10-2 Filed separately in Court File, # 13 Exhibit 10-3 Filed separately in Court file, # 14 Exhibit 10-4, # 15 Exhibit 11, # 16 Exhibit 12)(JS) (Entered: 03/17/2008) |
| 03/17/2008 | 5 | DECLARATION of Joseph Mazurkiewicz, Jr. re 4 Memorandum in support, by Impac University, LLC. (JS) (Entered: 03/17/2008) |
| 03/17/2008 | 6 | DECLARATION of Robert A. Jacobson re 4 Memorandum in support, by Impac University, LLC. (JS) (Entered: 03/17/2008) |
| 03/17/2008 | 7 | DECLARATION of Sherry Jones re 4 Memorandum in support, by Impac University, LLC. (JS) (Entered: 03/17/2008) |
| 03/17/2008 | 8 | DECLARATION of Franz Douskey re 4 Memorandum in support, by Impac University, LLC. (JS) (Entered: 03/17/2008) |
| 03/17/2008 | 9 | APPENDIX of unreported opinions by Impac University, LLC. (Attachments: # 1 Exhibit Tab A, # 2 Exhibit Tab B)(JS) (Entered: 03/17/2008) |
| 03/17/2008 | 10 | ORDER taking under advisement 3 Motion for preliminary injunction. See Order for details. Signed by Judge Marcia Morales Howard on March 17, 2008.(SD) (Entered: 03/17/2008) |
| 03/18/2008 | | (Court only) ***COPIES mailed to Counsel: Daniel D. Prichard, Leslie H. Wiesenfelder; re 10 Order on motion for preliminary injunction (SLU) (Entered: 03/18/2008) |
| 03/18/2008 | 11 | RETURN of service executed on 03-18-08 by Impac University, LLC as to Distance Education and Training Council. (Fineman, David) (Entered: 03/18/2008) |

Case 1:08-cv-00918-ESH    Document 1-2    Filed 05/29/2008    Page 4 of 6
Electronic Case Filing | U.S. District Court - Middle District of Florida

Page 4 of 6

| 03/19/2008 | 12 | MOTION for Leslie Wiesenfelder and Daniel Prichard to appear pro hac vice by Impac University, LLC. (Ross, Warren) Motions referred to Magistrate Judge Douglas N. Frazier. (Entered: 03/19/2008) |
| 03/20/2008 | 13 | ENDORSED ORDER granting 12 motion to appear pro hac vice for Leslie H. Wiesenfelder, Esquire and Daniel D. Prichard, Esquire. See Order for details. Signed by Magistrate Judge Douglas N. Frazier on 3/20/2008. (BAS) (Entered: 03/20/2008) |
| 03/21/2008 | | (Court only) ***COPIES mailed to Counsel: Daniel D. Prichard, Leslie H. Wiesenfelder; re 13 Order on motion to appear pro hac vice. (JS) (Entered: 03/21/2008) |
| 03/24/2008 | 14 | Joint MOTION *for Entry of Consent Order Regarding Plaintiff's Motion for Preliminary Injunction* by Distance Education and Training Council. (Farnell, R.) (Entered: 03/24/2008) |
| 03/24/2008 | | (Court only) ***Attorney Courtney Kneece Grimm, Gene C. Lange, and Sean P. McMullen for Distance Education and Training Council added pursuant to doc. 14 . (JS) (Entered: 03/25/2008) |
| 03/25/2008 | 15 | MOTION to transfer case *and Memorandum in Support* by Distance Education and Training Council. (Attachments: # 1 Affidavit of Michael P. Lambert, # 2 DETC Constitution and Bylaws)(Farnell, R.) (Entered: 03/25/2008) |
| 03/27/2008 | 16 | AMENDED JOINT MOTION for Entry of Consent Order Regarding Plaintiff's Motion for Preliminary Injunction 14 by Impac University, LLC, Distance Education and Training Council. (Attachments: # 1 Text of Proposed Order)(Farnell, R.) Modified on 3/28/2008 to edit docket text (SLU). (Entered: 03/27/2008) |
| 03/28/2008 | 17 | ORDER taking under advisement 3 Motion for preliminary injunction and 15 Motion to transfer case; denying as moot 14 Motion for Entry of Consent Order; granting 16 Amended Motion for Entry of Consent Order; and setting hearing on 3 Motion for preliminary injunction for April 22, 2008, at 10:00 a.m. See Order for details. Signed by Judge Marcia Morales Howard on 3/28/2008. (SD) (Entered: 03/28/2008) |
| 03/31/2008 | | (Court only) ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Daniel Prichard, Leslie Weisenfelder (Filing fee $20.00 receipt number F010722, F010723.) (BJH) (Entered: 03/31/2008) |
| 03/31/2008 | | (Court only) ***COPIES mailed to Counsel: Gene C. Lange, Sean P. McMullen; re 17 Order on motion for preliminary injunction, Order on Motion for Miscellaneous Relief, Order on motion to transfer case. (JS) (Entered: 03/31/2008) |
| 04/01/2008 | 18 | Amended MOTION to transfer case *and Memorandum in Support (amending Doc. 15)* by Distance Education and Training Council. (Attachments: # 1 Exhibit A (Affidavit of Michael P. Lambert))(Farnell, R.) (Entered: 04/01/2008) |

| 04/02/2008 | 19 | Unopposed MOTION for Extension of Time to File Response/Reply as to 3 MOTION for preliminary injunction by Distance Education and Training Council. (Farnell, R.) (Entered: 04/02/2008) |
| 04/02/2008 | | (Court only) ***Set Deadlines/Hearings Preliminary Injunction Hearing set for 4/22/2008 at 10:00 AM in Courtroom 5 D before Judge Marcia Morales Howard. (LAF) (Entered: 04/02/2008) |
| 04/03/2008 | 20 | ENDORSED ORDER granting 19 Unopposed Motion for Extension of Time to File a response to the Motion for Preliminary Injunction. The Response is due by 4/3/2008. Signed by Magistrate Judge Douglas N. Frazier on 4/3/2008. (brh) (Entered: 04/03/2008) |
| 04/03/2008 | 21 | MEMORANDUM in opposition re 3 Motion for preliminary injunction filed by Distance Education and Training Council. (Attachments: # 1 Exhibit A - Declaration of Michael P. Lambert)(Farnell, R.) (Entered: 04/03/2008) |
| 04/04/2008 | | (Court only) ***COPIES mailed to Counsel: Gene C. Lange, Sean P. McMullen; re 20 Order on Motion for Extension of Time to File Response/Reply. (JS) (Entered: 04/04/2008) |
| 04/04/2008 | | (Court only) ***Set/reset deadlines as to 3 MOTION for preliminary injunction. Responses due by 4/3/2008 (BJH) (Entered: 04/04/2008) |
| 04/07/2008 | 22 | Unopposed MOTION for extension of time to file answer or otherwise plead *to Complaint and Memorandum in Support* by Distance Education and Training Council. (Farnell, R.) Motions referred to Magistrate Judge Douglas N. Frazier. (Entered: 04/07/2008) |
| 04/08/2008 | 23 | RESPONSE in opposition re 18 Amended MOTION to transfer case *and Memorandum in Support (amending Doc. 15)* filed by Impac University, LLC. (Attachments: # 1 Schran Declaration, # 2 Exhibit A)(Prichard, Daniel) (Entered: 04/08/2008) |
| 04/11/2008 | 24 | REPLY to response to motion re 18 Amended MOTION to transfer case *and Memorandum in Support (amending Doc. 15)* filed by Distance Education and Training Council. (Attachments: # 1 Exhibit A: Declaration of Michael P. Lambert in Support of Reply Brief)(Farnell, R.) (Entered: 04/11/2008) |
| 04/15/2008 | 25 | MOTION for Gene Lange and Sean McMullen to appear pro hac vice by Distance Education and Training Council. (Farnell, R.) Motions referred to Magistrate Judge Douglas N. Frazier. (Entered: 04/15/2008) |
| 04/16/2008 | 26 | INTERESTED PERSONS ORDER. Certificate of interested persons and corporate disclosure statement due by 4/28/2008. Signed by All Divisional Judges on 4/16/2008. (BJH) (Entered: 04/16/2008) |
| 04/16/2008 | 27 | RELATED CASE ORDER AND NOTICE of designation under Local Rule 3.05 - track 2. Notice of pendency of other actions due by 4/28/2008. Signed by All Divisional Judges on 4/16/2008. (BJH) (Entered: 04/16/2008) |

| 04/16/2008 | 28 | REPLY to response to motion re 3 MOTION for preliminary injunction filed by Impac University, LLC. (Attachments: # 1 Reply Declaration of Susan Schran, # 2 Exhibit 1)(Prichard, Daniel) (Entered: 04/16/2008) |
| 04/17/2008 | | (Court only) ***COPIES mailed to Counsel: Gene C. Lange, Sean P. McMullen; re 27 Related case order and notice of designation of track 2, 26 Interested persons order. (JS) (Entered: 04/17/2008) |
| 04/17/2008 | 29 | ENDORSED ORDER granting 25 Motion for Admission Pro Hac Vice of Gene C. Lange, Esquire and Sean P. McMullen, Esquire. See Order for details. Signed by Magistrate Judge Douglas N. Frazier on 4/17/2008. (BAS) (Entered: 04/17/2008) |
| 04/18/2008 | | (Court only) ***COPIES mailed to Counsel: Gene C. Lange, Sean P. McMullen; re 29 Order on motion to appear pro hac vice. (JS) (Entered: 04/18/2008) |
| 04/21/2008 | 30 | ORDER denying as moot 15 Motion to transfer case and granting 18 Motion to transfer case to the extent that the Clerk of the Court is directed to transfer this action to the United States District Court for the District of Columbia and close this file. Signed by Judge Marcia Morales Howard on 4/21/2008. (SD) (Entered: 04/21/2008) |
| 04/21/2008 | 32 | TRANSFER to the District of Columbia. (JS) (Entered: 04/30/2008) |
| 04/22/2008 | | (Court only) ***COPIES mailed to Counsel: Gene C. Lange, Sean P. McMullen on behalf of Distance Education and Training Council re 30 Order on motion to transfer casw. (LCK) (Entered: 04/22/2008) |
| 04/28/2008 | | (Court only) ***PRO HAC VICE FEES paid and Special Admission Attorney Certification Form filed by attorney Gene Lange and Sean McMullen (Filing fee $20.00 receipt number F010842.) (BJH) (Entered: 04/28/2008) |
| 04/29/2008 | 31 | MOTION to dismiss Complaint *and Memorandum in Support* by Distance Education and Training Council. (McMullen, Sean) (Entered: 04/29/2008) |
| 05/16/2008 | 33 | MEMORANDUM in opposition re 31 Motion to dismiss filed by Impac University, LLC. (Prichard, Daniel) (Entered: 05/16/2008) |
| 05/23/2008 | 34 | REPLY to response to motion re 31 MOTION to dismiss Complaint *and Memorandum in Support* filed by Distance Education and Training Council. (McMullen, Sean) (Entered: 05/23/2008) |
| 05/25/2008 | 35 | NOTICE by Impac University, LLC *Of Repeated Violations Of Court Order by Defendant DETC* (Prichard, Daniel) (Entered: 05/25/2008) |

## I (a) PLAINTIFFS

*Impac University, LLC*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  *88888*
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

*Distance Education and Training Council*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  *11001*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:08-cv-00918
Assigned To : Huvelle, Ellen S.
Assign. Date : 5/29/2008
Description: TRO/PI

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

● 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZE

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

● **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| □ **G.** *Habeas Corpus/ 2255*<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ **H.** *Employment Discrimination*<br><br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ **I.** *FOIA/PRIVACY ACT*<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ **J.** *Student Loan*<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ **K.** *Labor/ERISA (non-employment)*<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ **L.** *Other Civil Rights (non-employment)*<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>☑ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ **M.** *Contract*<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ **N.** *Three-Judge Court*<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

□ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  ☑ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

*USDC MDF*

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*28 USC 1331*

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint **JURY DEMAND:** ☑ YES  □ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  □ YES  □ NO    If yes, please complete related case form.

**DATE** *5/29/08*    **SIGNATURE OF ATTORNEY OF RECORD** *JAD*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

I:\forms\js-44.wpd

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_Impac University, LLC_

v.

_Distance Education and Training Council_

Civil Action No. **08 0918**

**MAY 2 9 2008**

The above entitled action, transferred from the U.S. District Court for the _Middle District_ _of Florida_ _____, has been received and filed. It was assigned to Judge _Huvelle_____. Any subsequent pleadings filed must contain both our civil action number and the initials of the judge assigned this action.

To assist the Clerk's Office in properly recording all counsel of record and to ensure that each counsel entered is authorized to practice before this Court pursuant to Local Civil Rule 83.8, counsel for all parties must enter their appearance in accordance with our Local Civil Rule 83.6. Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: _Daniel Prichard_
 *_Warren Ross_
 _Courtney Grimm_ *
 _Gene Lange_

**\*Denotes attorney not a member of the bar of the U.S. District Court for the District of Columbia**